THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Darryl Anthony Thompkins, aka Daryl Anthony Thompkins; Daryl A. Thompkins; Darryl A. Thompkins; D. Anthony Tompkins; Anthony A. Thompkins.<br><br>141 Weeping Cypress Drive<br>Moncks Corner, SC  29461<br><br>***-**-2117<br><br>                                                 DEBTOR | CASE NO: 19-01728-jw<br>CHAPTER: 13 |

**NOTICE OF OPPORTUNITY TO OBJECT**

The debtor in the above captioned case filed a chapter 13 plan on March 29, 2019. The plan is attached.

**Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation on the Chapter 13 Plan must be in writing and filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the Chapter 13 Trustee, the debtors, and any attorney for the debtors no later than 21 days after the service of the Chapter 13 Plan, as computed under Fed. R. Bankr. P. 9006(a). Objection to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the Objection.  f no objection is timely filed, the Plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the Hearing scheduled by the Court on confirmation of the Plan.  Notice of the Confirmation Hearing is provided in Section 9 of the Notice of Chapter 13 Bankruptcy Case.  However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the Court may determine that you do not oppose the terms or relief sought in the Plan and may enter an order confirming the Plan.

                                        s/ *Wendi M. Freeman*                              
                                        Wendi M. Freeman
                                        Freeman | Wine, LLC
                                        1040 eWall Street
                                        Mt. Pleasant, SC 29464-3046
                                        (843) 849-1900
                                        Dist. Court ID #5336

Mount Pleasant, South Carolina
March 29, 2019

Debtor 1 — Darryl Anthony Thompkins
First Name   Middle Name   Last Name

Debtor 2 _____
(Spouse, if filing) First Name   Middle Name   Last Name

United States Bankruptcy Court for the: District of South Carolina

Case number  19-01728 jw
(If known)

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification

☐ Post-confirmation modification

_____
_____
_____
_____

District of South Carolina

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ **Included** | ☒ **Not included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | ☒ **Included** | ☐ **Not included** |
| 1.3 | **Nonstandard provisions, set out in Part 8** | ☒ **Included** | ☐ **Not included** |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☒ **Included** | ☐ **Not included** |

Debtor: Darryl Anthony Thompkins                                      Case Number __19- 01728 jw_____

## Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ __2190.00_____ per month    for _57___ months

[and $ _____ per month    for _____ months.]

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ The debtor will make payments pursuant to a payroll deduction order.

☐ The debtor will make payments directly to the trustee.

☒ Other (specify method of payment): __TFS_____.

**2.3 Income tax refunds.**

*Check one.*

☒ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income tax refunds as follows:
_____
_____

**2.4 Additional payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

Debtor: Darryl Anthony Thompkins                                                                          Case Number ___19- 01728 jw_____

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|

*Insert additional claims as needed.*

☒ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| **Cypress Grove HOA** | 141 Weeping Cypress Dr Moncks Corner, SC | $1,700.00 Includes amounts Accrued through the 3/2019 payment | 6.00% | $35..00 (or more) |

*Insert additional claims as needed.*

☒ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed.*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.* **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim

**3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Nicholas Financial Inc. | 2007 Lexus LS 460 | $11,460.00 | 6.00 % | $ 235.00 (or more) |
| | | | | Disbursed by ☒ Trustee |
| | | | | ☐ Debtor |

*Insert additional claims as needed.*

District of South Carolina                                                                                                                                             Page 3
Effective December 1, 2017                                    Chapter 13 Plan

Debtor: Darryl Anthony Thompkins                                                            Case Number ___19- 01728 jw_____

**3.4 Lien avoidance.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☒ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| 1st Franklin<br><br>Description - 3 TV's | $2,474.00 | 0.00 | SC 15-41-30(A)(3) - $300 | $300.00 | 0.00 | $2474.00 or 100% |

**3.5 Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4:    Treatment of Fees and Priority Claims

**4.1 General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees**

   a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

   b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

Debtor: Darryl Anthony Thompkins    Case Number  19- 01728 jw

   a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $  N/A  or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
   b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
   c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**Other Priority debt**. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
| | Disbursed by |
| | ☐ Trustee |
| | ☐ Debtor |

## Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☒ The debtor estimates payments of less than 100% of claims.

☐ The debtor proposes payment of 100% of claims.

☐ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ **Other.** An unsecured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

## Part 6:  Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

*Insert additional claims as needed.*

Debtor: Darryl Anthony Thompkins                                    Case Number   19- 01728 jw

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

*Check the applicable box:*

☒ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.  Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.**  The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

**8.1(a) Statement in support of confirmation:**  Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.

**8.1(b) Reservations of rights:**  Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim.  The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

**8.1(c) Objection Timeframe:**  Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered.  In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan.  Therefore, **all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.**

## Part 9: Signature(s)

**8.1(d) In addition to the below, the provisions of the assigned Judge's Operating Order In re: Conduit Mortgage Payment in Chapter 13 Cases are incorporated herein.**

Debtor: Darryl Anthony Thompkins    Case Number  19- 01728 jw

**Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:**

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| Home Point Financial Corporation | 141 Weeping Cypress Drive, Moncks Corner, SC  29461<br>TMS# 210-08-01-0333<br>Principal Residence | $1,439.00<br><br>Escrow for taxes:<br>x Yes<br>☐ No<br><br>Escrow for insurance:<br>x Yes<br>☐ No | $51.00<br>Or more | $6,400.00 | $113.00<br>or more |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

**9.1 Signatures of the debtors  and the debtor's attorney**

*The debtors and the attorney for the debtors, if any, must sign below.*

✘ /s/Darryl Anthony Thompkins    Executed on    3/27/2019

Signature of Debtor

FREEMAN|WINE, LLC

✘ /s/ *Wendi M. Freeman*    5336    Date  3/27/2019

Signature of Attorney for the debtors    DCID #    5336    MM/DD/ YYYY

1040 eWall Street
Mt. Pleasant, SC 29464

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE: DARRYL ANTHONY THOMPKINS | CASE NO: 19-01728 jw |
|---|---|
| | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 3/29/2019, I did cause a copy of the following documents, described below,

Notice of Opportunity to Object and Chapter 13 Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/29/2019

/s/ Wendi M. Freeman
Wendi M. Freeman  5336
Freeman|Wine, LLC
1040 eWall Street
Mount Pleasant, SC  29464
843 849 1900

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:  DARRYL ANTHONY THOMPKINS | CASE NO: 19-01728 jw |
| | **CERTIFICATE OF SERVICE** |
| | **DECLARATION OF MAILING** |
| | Chapter: 13 |

On 3/29/2019, a copy of the following documents, described below,

Notice of Opportunity to Object and Chapter 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/29/2019

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Wendi M. Freeman
Freeman|Wine, LLC
1040 eWall Street
Mount Pleasant, SC  29464

```
PARTIES DESIGNATED WITH A '+' WERE SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM
```

| | | |
|---|---|---|
| CASE INFO<br> LABEL MATRIX FOR LOCAL NOTICING<br>04202<br>CASE 19-01728-JW<br>DISTRICT OF SOUTH CAROLINA<br>CHARLESTON<br>FRI MAR 29 10-39-40 EDT 2019 | 1ST FRANKLIN FINANCIAL<br>PO BOX 63035<br>NORTH CHARLESTON SC 29419-3035 | BON SECOUR ST FRANCIS HOSPITAL<br>CO SHERLOQ FINANCIAL<br>PO BOX 2842<br>TAMPA FL 33601-2842 |
| CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | CAPITAL ONE<br>PO BOX 30253<br>SALT LAKE CITY UT 84130-0253 |
| CYPRESS GROVE HOMEOWNERS ASSN INC<br>CO MCCABE TROTTER  BEVERLY PC<br>PO BOX 212069<br>COLUMBIA SC 29221-2069 | ~~EXCLUDE~~<br>~~FREEMAN~~<br>~~WINE LLC~~<br>~~1040 EWALL STREET~~<br>~~MT PLEASANT SC 29464-3046~~ | ~~EXCLUDE~~<br>~~WENDI M FREEMAN~~<br>~~FREEMAN WINE LLC~~<br>~~1040 EWALL STREET~~<br>~~MT PLEASANT SC 29464-3046~~ |
| HOME POINT FINANCIAL CORP<br>ATTN CORRESPONDENCE<br>11511 LUNA RD STE 200<br>FARMERS BRANCH TX 75234-6451 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATION<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | LINCOLN AUTOMOTIVE FIN<br>POB 54200<br>OMAHA NE 68154-8000 |
| NAVY FCU<br>ATTN BANKRUPTCY<br>PO BOX 3000<br>MERRIFIELD VA 22119-3000 | NAVY FCU<br>PO BOX 3700<br>MERRIFIELD VA 22119-3700 | NICHOLAS FINANCIAL INC<br>ATTN BANKRUPTCY<br>2454 MCMULLEN BOOTH RD<br>BUILDING C SUITE 501-B<br>CLEARWATER FL 33759-1343 |
| ROPER RADIOLOGISTS PA<br>PO BOX 2363<br>INDIANAPOLIS IN 46206-2363 | ROPER ST FRANCIS<br>MT PLEASANT HOSPITAL<br>PO BOX 650292<br>DALLAS TX 75265-0292 | SHERLOQ FINANCIAL<br>PO BOX 2842<br>TAMPA FL 33601-2842 |
| SOUTH CAROLINA DEPARTMENT OF REVENUE<br>PO BOX 12265<br>COLUMBIA SC 29211-2265 | SOUTHERN FINANCE<br>209 CAROLINA AVENUE<br>MONCKS CORNER SC 29461-3737 | DEBTOR<br>DARRYL ANTHONY THOMPKINS<br>141 WEEPING CYPRESS DRIVE<br>MONCKS CORNER SC 29461-6720 |
| US TRUSTEES OFFICE<br>STROM THURMOND FEDERAL BUILDING<br>1835 ASSEMBLY STREET<br>SUITE 953<br>COLUMBIA SC 29201-2448 | ~~EXCLUDE~~<br>~~JAMES M WYMAN~~<br>~~PO BOX 997~~<br>~~MOUNT PLEASANT SC 29465-0997~~ | |